Opinion op the Court, by
Judge Minus.
THIS is a motion to quash an execution and made thereby, which was overruled in the court low. In the first opinion rendered by this court, event'of the contest was made to turn exclusively the uncertainty of the'judgment on which the ‘tion issued; but, on more mature reflection, we suspended and recalled that opinion, and conceive the construction then given to the judgment, was ther too severe. It is to this effect:
“ Robert Holmes, plaintiff, against James M’Coun and-David M’Coun, under the firm of J. & D. M’Coun, defts,
1
t TV™ N E
“ This day came the parties aforesaid, and the defendant.| in his proper person, acknowledges the plaintiff’s action for the sum of fourteen.hundred and eighty-four dollars, twenty-nine cents, with interest thereon at the rate of sjx per centum per annum, from the first day of .July 1815 until paid, besides costs. 'It is, therefore, considered by the court, with the assent of the plaintiff, that the plaintiff recover against the said defendant, the debt and interest aforesaid, in manner and form -as above acknowledged, and also Ais costs by him herein expended; and the defendant in mercy,” &c.
The note is filed, as the áct of assembly‘requires in confessions of judgment in a summary way, and is signed “ J. D. M’Coun.”
That judgments, as well as other solemn acts of other . departments of government, may be void for uncertainty, we have no doubt; but this conclusion ought not to be allowed, when, by any fair and reasonable construction, the sense and extent of the act can be ascertained. The" uncertainty in this instance, lies in the use of the *390 verbs, nouns and pronouns in the confession of judg-mef in *he singular number thereby confining.the Judgment to one eft the deiendants, and the consequent doubt as to which of them. It is evident, however, that one at least was convict. This limitation of it to one, is strongly opposed by the fact, that the entry is against both, with a description of their partnership, and that both came into court with the plaintiff, who presented anote signed by both; and then the error appears to commence in the entiy, when it is evident that the entry was intended to operate on the interest of both. These last circumstances, -we now conceive, ought to preponderate, and must be permitted to changé the sin-guiar language used in the residue of the entry, ut res magis valeat quam pereat. By this construction, the judgment must be read in the plural number, and mast be considered as warranting the execution against-both, and so the parties and officers of the court below have uniformly treated it.
The next ground relied on, to set aside and quash the execution and sale, is, that after sundry executions to. Fayette, where the judgment was obtained, the execution in question was sent to Franklin, to which latter county it is contended the execution ought not to be permitted to go. It was shown, however, that one of the defendants bad removed from the county of Fayette , to the city of Philadelphia, and the other continued to reside in Fayette. The question then is, did the removal of one defendant authorise the sending of the execution to another county 1
Give to the act of assembly, 1 Dig. L. K. 484, a reasonable construction, and it will warrant the direction of the execution to Franklin. That act authorises such direction, where the person against whom judgment shall be obtained, removes himself, or removes his effects, or shall reside out of the limits of the jurisdiction of the court. Here, one of the defendants has removed himself, and also resides without the jurisdiction of the court; and the only plausible contest that can be raised, is, that both defendants must remove, or reside abroad, before the execution can go. This construction we consider too narrow, and calculated to keep alive the evil which the legislature intended to remedy. Here, the person against whom judgment has been obtained, has removed himself, and, literally, his1 case is embraced. *391 It is, then, only a contest in his favor, that as he has left a co-defendant behind him, he is exempted. By this construction, but one is left liable, and the person removing is exempt from the reach of the execution. By the other, both remain liable, as before, and the execution may travel abroad to effectuate that liability. Between these two constructions, we choose the latter, and conceive that the execution might be rightfully issued to F ranklin.
It seems, then, that the former opinion and judgment of this court thereon, must be set aside and annulled, and the judgment of the court below must be affirmed with costs.